IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MORENA EDEN, | ) | CIVIL NO.  06-00556 JMS/LEK |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING  DEFENDANT'S |
| | ) | SECOND MOTION TO DISMISS, OR, |
| vs. | ) | IN THE ALTERNATIVE, FOR |
| | ) | SUMMARY JUDGMENT |
| NAVY MEDICAL LOGISTICS | ) | |
| COMMAND, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

ORDER GRANTING  DEFENDANT'S SECOND MOTION TO DISMISS, OR,
IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

Defendant Navy Medical Logistics Command has moved this court

for an order dismissing pro se Plaintiff Morena Eden's First Amended Complaint

pursuant to the Federal Tort Claims Act ("FTCA").   Based on the following,

Defendant's motion is GRANTED.

I. **BACKGROUND**

In July, 2005, Plaintiff and Defendant contracted for Plaintiff to be

employed as a Dental Assistant at the Marine Corps Base located in Kaneohe,

Hawaii.  *See* Am. Compl.  Ex. A.  Plaintiff alleges that in reliance on the contract,

she moved from Virginia to Hawaii to seek housing and begin her new

employment.  On August 8, 2005, according to Plaintiff, she reported to work only

to be told that Defendant would not hire her pursuant to the terms of the contract.

As a result, Plaintiff alleges a breach of the July, 2005 contract.  In addition to

alleging a breach of contract, Plaintiff claims that she suffered injuries "arising out

of Defendant's deliberate and/or negligent infliction of mental distress."  Am.

Compl. ¶ 7.

On March 7, 2007, Defendant filed a Motion to Dismiss Amended

Complaint, or, in the Alternative, for Summary Judgment.  On May 2, 2007, this

court dismissed Plaintiff's breach of contract claim under the Contracts Dispute

Act ("CDA"), finding that Plaintiff failed to exhaust her administrative remedies.

Defendant now moves to dismiss Plaintiff's remaining claims for intentional

and/or negligent infliction of emotional distress, based on a failure to exhaust

administrative remedies under the FTCA.

## II.  STANDARDS OF REVIEW

### A.      Motion to Dismiss

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a

motion to dismiss a claim for "failure to state a claim upon which relief can be

granted[.]"  Fed. R. Civ. P. 12(b)(6).  When reviewing a motion to dismiss for

failure to state a claim upon which relief can be granted, a court takes the factual

allegations in the complaint as true and construes them in the light most favorable to the plaintiff.  *Lee v. City of L. A.*, 250 F.3d 668, 679 (9th Cir. 2001). "Conclusory allegations of law, however, are insufficient to defeat a motion to dismiss."  *Id.*  Under Rule 12(b)(6), a complaint should not be dismissed "'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1988) (*quoting Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  *Id.*

**B.     Summary Judgment**

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).

**C.     Pro Se Pleadings**

Plaintiff is appearing pro se; consequently, this court will liberally construe her pleadings.  *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987).

3

# III.  DISCUSSION

As a general rule, the United States has waived its sovereign immunity for money damages for injury or loss of property caused by the negligence or wrongful act or omission of a government employee "while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."  28 U.S.C. § 1346(b).  Before filing suit in federal court, however, an aggrieved person must file an administrative claim:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a).[1]

---

[1] The administrative claim must be "presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by

This administrative claim requirement is jurisdictional.  *Vacek v. United States Postal Serv.*, 447 F.3d 1248 (9th Cir. 2006); *Brady v. United States*, 211 F.3d 499 (9th Cir. 2000).  Thus, "[w]here such a claim is not first presented to the appropriate agency, the district court, pursuant to Federal Rule of Civil Procedure 12(b)(1), must dismiss the action for lack of subject matter jurisdiction."  *Goodman v. United States*, 298 F.3d 1048, 1054-55 (9th Cir. 2002).

The Ninth Circuit has consistently stated that the administrative claim provision must be interpreted strictly:

> This is particularly so since the FTCA waives sovereign immunity.  Any such waiver must be strictly construed in favor of the United States.  Section 2675(a) establishes explicit prerequisites to the filing of suit against the Government in district court.  It admits of no exceptions.  Given the clarity of the statutory language, we cannot enlarge that consent to be sued which the Government, through Congress, has undertaken so carefully to limit.

*Jerves v. United States*, 966 F.2d 517, 521 (9th Cir. 1992) (internal quotations and citations omitted); *see also Vacek*, 447 F.3d at 1250; *Brady*, 211 F.3d at 502.

---

the agency to which it was presented."  28 U.S.C. § 2401(b).  Thus, Plaintiff must submit an administrative claim in writing within two years of August 8, 2005.

Plaintiff failed to file an administrative claim with the Department of the Navy.  Patricia A. Leonard, the Department of Navy's custodian of the Navy's Claims and Tort Litigation Records, searched for records to determine whether Plaintiff filed an administrative claim with the Navy and determined that "all reasonable searches have failed to reveal that plaintiff has filed such an administrative claim, and, to the best of my knowledge and belief, the plaintiff, Morena Eden, has not filed an administrative claim with or against the Department of the Navy based on the subject matter of the action."  Leonard Decl. ¶ 5.

Although Plaintiff did not file an opposition to Defendant's Motion, she did confirm during the July 2, 2007 hearing that she had not exhausted her administrative remedies.

The record before the court points to but one conclusion -- Plaintiff failed to file an administrative claim with the Navy.  As a result, the court lacks subject matter jurisdiction over Plaintiff's tort claim for intentional and/or negligent infliction of emotional distress.   The court therefore GRANTS the Defendant's Second Motion to Dismiss, or, in the Alternative, for Summary Judgment.

\\\

\\\

# IV.  <u>CONCLUSION</u>

Based on the foregoing, the Defendant's Second Motion to Dismiss, or, in the Alternative, for Summary Judgment is GRANTED.  Plaintiff must exhaust her administrative remedies under the CDA and FTCA before filing suit in federal court.  If Plaintiff in fact does exhaust these administrative remedies consistent with law, she may then refile (either the contract claim, tort claim, or both) in the time period established by law.

As this Order disposes of all outstanding claims, the clerk of court is directed to close this case file.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, July 2, 2007.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Eden v. Navy Medical Logistics Command,* Civ. No. 06-00556 JMS/LEK; Order Granting Defendant's Second Motion to Dismiss, or, in the Alternative, for Summary Judgment